# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:05-cr-00319-RCJ-PAL |
| vs. ) | |
| ) | |
| JEREMY JERMAIN SUGGS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

A grand jury indicted Defendant Jeremy Suggs of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Indictment, ECF No. 1). Defendant pled guilty to both counts, and on March 5, 2007 the Court sentenced him to consecutive 125- and 120-month terms of imprisonment, respectively, to be followed by consecutive five- and three-year terms of supervised release. (*See* J. 1–3, ECF No. 36). The Court of Appeals affirmed the reasonableness of the sentences but reversed for reentry of judgment with the terms of supervised release to run concurrently. The Court entered an Amended Judgment on March 19, 2008. (*See* Am. J. 13, ECF No. 51). Defendant has now asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion is statutorily timely.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). Defendant filed the initial motion on May 13, 2016, which is within

one year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015) upon which Defendant relies. The Supreme Court has made *Johnson II* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The motion is therefore statutorily timely. It is procedurally defaulted, however, both because Defendant made no vagueness-type objection at or before his sentencing hearing and because he failed to raise the issue on appeal.

Defendant argues that he is actually innocent of Count 2 (possessing a firearm during a crime of violence), which if true would excuse the default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Specifically, he argues the armed bank robbery charged in Count 1 that formed the basis for Count 2 was not a "crime of violence" under 18 U.S.C. § 924(c)(3) because the residual clause defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague. *See Johnson II*, 135 S. Ct. at 2563. The definition of "crime of violence" applied to Defendant reads as follows, with the allegedly unconstitutionally vague residual clause emphasized:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> > (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 924(c)(3)(A)–(B) (emphasis added). The definition of "violent felony" at issue in *Johnson II* reads as follows, with the unconstitutionally vague residual clause emphasized:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by

imprisonment for such term if committed by an adult, that--

 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

 (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added).

  The two clauses are not identical, but even assuming for the sake of argument that the difference in language is not enough to rescue § 924(c)(3)(B) from constitutional infirmity, *Johnson II* is no aid to Defendant, because the physical-force clause of § 924(c)(3)(A) applies to armed bank robbery under § 2113(a). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).[1] Although the Court of Appeals has not yet ruled directly as to whether *Johnson II* abrogated the rule that bank robbery categorically satisfies the physical-force clause,[2] the courts of appeals to do so and the district courts within this Circuit have uniformly ruled that it did not. *See United States v. McNeal*, 818 F.3d 141, 151–57 (4th Cir. 2016); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016); *Allen v. United States*, 836 F.3d 894, 894–95 (8th Cir. 2016); *In re Sams*, 830 F.3d 1234,

---

[1]Although the Court of Appeals used the term "armed" in *Wright*, it did so not because only armed bank robbery under § 2113(d) qualified as a crime of violence but because the defendant in that case was challenging whether the offense of Using or Carrying a Firearm During a Crime of Violence, i.e., armed bank robbery, had been proved. The Court of Appeals' analysis, however, clearly reasoned that simple bank robbery under § 2113(a) qualified as a categorical crime of violence under the physical force clause of § 924(c)(3)(A). *See id.* (quoting 18 U.S.C. § 2113(a)) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"). The quoted offense element is found in § 2113(a), i.e., simple bank robbery, without reference to subsection (d), which simply provides enhanced penalties for armed bank robbery. In any case, Defendant was convicted of armed bank robbery.

[2]The physical force clauses of §§ 924(c)(3)(A) and 924(e)(2)(B)(i) are identical.

1238–39 (11th Cir. 2016); *United States v. McDuffy*, --- F. Supp. 3d ----, 2016 WL 3750655, at *3 (D. Nev. 2016) (Du, J.); *United States v. Daniels*, No. 11-cr-470, 2016 WL 6680038, at *2–3 (S.D. Cal. Nov. 14, 2016); *United States v. Gilbert*, No. 14-cr-634, 2016 WL 5807910, at *1–2 & n.1 (S.D. Cal. Oct. 20, 2016); *United States v. Abdul-Samad*, No. 10-cr-2792, 2016 WL 5118456, at *4–5 (S.D. Cal. Sept. 21, 2016); *United States v. Charles*, No. 3:06-cr-26, 2016 WL 4515923, at *1 (D. Alaska Aug. 29, 2016); *United States v. Watson*, No. 14-cr-751, 2016 WL 866298, at *6 (D. Haw. Mar. 2, 2016). The Court finds no basis to disagree.

Finally, the Court notes that Defendant's argument largely rests on the requirement under *Johnson v. United States (Johnson I)*, 559 U.S. 133 (2010) that physical force must be "violent," and that the Court of Appeals has not addressed whether bank robbery under § 2113(a) is a categorical crime of violence under that standard. The Court disagrees, as do the Courts of Appeal to have addressed the issue. *See, e.g.*, *Armour*, 840 F.3d at 909. Moreover, the present motion is simply not statutorily timely as to any argument under *Johnson I*, but only as to arguments under *Johnson II*.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 55, 64) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge